**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-4725**

_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

CHARLETTE DUFRAY JOHNSON, a/k/a Charlotte Johnson,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.   W. Earl Britt, Senior District Judge.  (7:10-cr-00093-BR-1)

_____

Submitted:  April 25, 2012        Decided:  May 4, 2012

_____

Before WILKINSON, GREGORY, and AGEE, Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

_____

Charlette Dufray Johnson, Appellant Pro Se.  Kristine L. Fritz, Jennifer P. May-Parker, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charlette Dufray Johnson pled guilty to two counts of violating 18 U.S.C. § 287 (2006), eight counts of violating 18 U.S.C. § 1343 (2006), and two counts of violating 18 U.S.C. § 1028(a)(1)-(b) (2006), based on fraudulent claims for disaster assistance submitted to the Federal Emergency Management Agency ("FEMA"); wire fraud related to fraudulent claims submitted to the Gulf Coast Claims Facility ("GCCF"); and identity theft. She was sentenced to 121 months' imprisonment and ordered to pay restitution in the amount of $107,593.30. On appeal, Johnson, proceeding pro se, asserts numerous errors regarding her convictions and sentence. Finding no merit to Johnson's attack on her convictions, we affirm the convictions. We conclude, however, that Johnson's sentence is procedurally unreasonable and that the restitution order is not supported by the offenses of conviction. We therefore vacate Johnson's sentence and the order of restitution, and remand for further proceedings.

Johnson pled guilty without a plea agreement. A comprehensive review of the record confirms that Johnson's guilty plea was knowing and voluntary and that the district court complied with Federal Rule of Criminal Procedure 11 in accepting her plea. Johnson argues that the district court erred in denying her motion to withdraw her guilty plea. This

2

court reviews a district court's denial of a motion to withdraw a guilty plea for abuse of discretion. <u>United States v. Ubakanma</u>, 215 F.3d 421, 424 (4th Cir. 2000). "A defendant has no absolute right to withdraw a guilty plea." <u>United States v. Bowman</u>, 348 F.3d 408, 413 (4th Cir. 2003) (internal quotation marks omitted). This court closely scrutinizes the Rule 11 colloquy and if it is adequate, "a strong presumption that the plea is final and binding" attaches. <u>United States v. Lambey</u>, 974 F.2d 1389, 1394 (4th Cir. 1992). Here, the district court conducted the Rule 11 proceeding twice. Johnson was aided by counsel and stated her satisfaction with counsel. Johnson has not asserted that her plea was not knowing or that she is innocent. Notably, Johnson never indicated at the Rule 11 hearing that she felt coerced or intimidated into entering her plea. Indeed, she repeatedly stated exactly the opposite. The district court considered the applicable factors announced in <u>United States v. Moore</u>, 931 F.2d 245, 248 (4th Cir. 1991). We thus conclude that the district court did not abuse its discretion in denying Johnson's motion to withdraw her plea. We therefore affirm Johnson's convictions.[*]

---

[*] Johnson contends that the district court erred in denying her motion to substitute counsel prior to sentencing. This court reviews a district court's ruling on a motion to substitute counsel for abuse of discretion. <u>United States v.</u>
(Continued)

3

Turning to Johnson's sentence, this court reviews for reasonableness, using an abuse of discretion standard. <u>Gall v. United States</u>, 552 U.S. 38, 50 (2007). We must first ensure that the district court committed no significant procedural error. <u>United States v. Carter</u>, 564 F.3d 325, 328 (4th Cir. 2009). Johnson argues that the district court erred in applying the "vulnerable victim" enhancement under the Sentencing Guidelines and in ordering an excessive amount of restitution. We find that these arguments are meritorious and thus conclude that Johnson's sentence was procedurally unreasonable.

The relevant Guideline provision mandates that "[i]f the defendant knew or should have known that a victim of the offense was a vulnerable victim, increase [the offense level] by 2 levels." <u>U.S. Sentencing Guidelines Manual</u> § 3A1.1(b)(1) (2010). The commentary to § 3A1.1 defines a "vulnerable victim" as "a person (A) who is a victim of the offense of conviction and any conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct); and (B) who is unusually vulnerable due to age, physical or mental condition, or who is otherwise particularly susceptible to the criminal conduct." USSG § 3A1.1

<u>Perez</u>, 661 F.3d 189, 191 (4th Cir. 2011). Our review of the record leads us to conclude that the district court did not abuse its discretion in denying the motion.

4

cmt. n.2. The presentence investigation report ("PSR") recommended application of the enhancement because "[a]t least three of the individuals for whom Johnson used their identifying data are deemed victims." The district court merely noted that "the vulnerable victims here are . . . her minor daughter, her elderly mother, and one [individual] who was an elderly [sic] and living in a rest home."

We conclude that the district court erred in failing to make adequate factual findings to establish a basis for the enhancement. A district court is required to analyze the "vulnerable victim" enhancement using a two-prong approach:

> First, a sentencing court must determine that a victim was unusually vulnerable. Second, the court must then assess whether the defendant knew or should have known of such unusual vulnerability. . . . In other words, applying the vulnerable victim adjustment requires a fact-based explanation of why advanced age or some other characteristic made one or more victims unusually vulnerable to the offense conduct, and why the defendant knew or should have known of this unusual vulnerability.

United States v. Llamas, 599 F.3d 381, 388 (4th Cir. 2010) (internal quotation marks and citations omitted). Here, the district court failed to make explicit findings on the record as to the victims, their unusual vulnerability, and Johnson's knowledge of such vulnerability. See id. ("In applying the vulnerable victim adjustment, the district court simply made a generalized finding that [the defendant] should have known of

5

his victims' vulnerabilities. This finding, however, . . . does not sufficiently support application of the adjustment. Indeed, our precedent stresses the importance of an adequate explanation for such sentencing decisions."). Because the district court did not adequately explain its reasoning for applying the enhancement, Johnson's sentence is not procedurally reasonable.

The district court ordered Johnson to pay restitution to FEMA in the amount of $85,341.30 and to the state of Florida, Agency of Workforce Innovations, in the amount of $22,252.00 pursuant to 18 U.S.C. § 3663A (2006), the Mandatory Victims Restitution Act ("MVRA"). The MVRA mandates that the district court, when sentencing a person convicted of an offense involving fraud, order "the defendant [to] make restitution to the victim of the offense." 18 U.S.C. § 3663A(a)(1). The MVRA requires district courts to make sufficient factual findings to support an order of restitution, including findings as to the defendant's resources and the feasibility of the manner of restitution. See United States v. Davenport, 445 F.3d 366, 373 (4th Cir. 2006).

Johnson was not charged with or convicted of unemployment fraud, nor did the district court make specific factual findings related to such conduct. Johnson was nevertheless ordered to pay restitution to the victim of that

6

alleged fraud (the Florida Agency for Workforce Innovations). We conclude that these alleged acts of fraud cannot permissibly serve as the basis for an order of restitution under § 3663A because Florida was not "the victim of the offense [of conviction.]" 18 U.S.C. § 3663A(a)(1).

The district court also imposed restitution in the amount of $85,341.30 based on fifteen fraudulent FEMA claims, again without making explicit factual findings. The superseding indictment, however, described only six fraudulent FEMA claims, totaling $76,666.30. Johnson pled guilty to only two of those counts (totaling $53,666.30) and the remaining four counts were dismissed. We conclude that the district court improperly imposed restitution for conduct that was not included in Johnson's offenses of conviction. See Llamas, 599 F.3d at 390-91. We therefore vacate the restitution order and remand for further consideration.

We conclude that the remainder of Johnson's arguments are without merit. Accordingly, we affirm Johnson's convictions, vacate her sentence and the order of restitution, and remand for further proceedings. We deny Johnson's motions to reconsider the order denying her motion for a stay or injunction pending appeal, and deny her motions and supplemental motions to file a supplemental brief, to dismiss the superseding

7

indictment, to unseal and release the grand jury transcript, and for bail.  We also deny her motions to expedite.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED
