**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-4900**

_____

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

      v.

CHARLETTE DUFRAY JOHNSON, a/k/a Charlotte Johnson,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  W. Earl Britt, Senior District Judge.  (7:10-cr-00093-BR-1)

_____

Submitted:  August 30, 2013      Decided:  September 10, 2013

_____

Before WILKINSON, GREGORY, and AGEE, Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

_____

Charlette Dufray Johnson, Appellant Pro Se.  Jennifer P. May-Parker, Assistant United States Attorney, Kristine L. Fritz, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charlette Dufray Johnson pled guilty to two counts of making false, fictitious, or fraudulent claims for disaster relief ("Counts One and Four"), in violation of 18 U.S.C. § 287 (2006); eight counts of wire fraud, in violation of 18 U.S.C.A. § 1343 (West Supp. 2012) ("Counts Seven through Fourteen"); and two counts of aggravated identity theft ("Counts Fifteen and Sixteen"), in violation of 18 U.S.C. § 1028A (2006). The district court originally sentenced Johnson to sixty months of imprisonment on Counts One and Four and ninety-seven months on Counts Seven through Fourteen, to run concurrently, and twenty-four months on Counts Fifteen and Sixteen, to run concurrently to each other and consecutively to the remaining counts, resulting in a total sentence of 121 months' imprisonment. The court ordered Johnson to pay $107,593.30 in restitution.

Johnson appealed, and we affirmed her convictions. United States v. Johnson, 480 F. App'x 186, 188 (4th Cir. 2012) (No. 11-4725) (unpublished). However, we found her sentence procedurally unreasonable because the district court failed to make factual findings adequate to support a vulnerable victim Guidelines enhancement. Id. at 189. We further concluded that the district court erred in calculating the appropriate amount of restitution. Id. at 189-90. We accordingly vacated

2

Johnson's sentence and restitution order and remanded for "further proceedings." Id. at 190.

On remand, the court effectively conducted a de novo resentencing, hearing argument and ruling on all of Johnson's sentencing objections. The court removed the vulnerable victim enhancement, but reaffirmed its remaining Guidelines calculations. The court imposed a sentence of sixty months on Counts One and Four and ninety-seven months on Counts Seven through Fourteen, to run concurrently, and twenty-four months on Counts Fifteen and Sixteen, to run consecutively to each other and to the remaining counts, resulting in a total sentence of 145 months. The court also ordered Johnson to pay $53,666.30 in restitution.

Johnson appeals pro se, challenging her convictions, sentence of imprisonment, and restitution order. We affirm her convictions and restitution order, affirm her sentence in part, vacate her sentence in part, and remand for further proceedings consistent with this opinion.

With regard to her convictions, Johnson's informal brief, liberally construed, contends that the district court abused its discretion by failing to provide her a full hearing before revoking her pretrial release, as required by 18 U.S.C. § 3148 (2006), and in denying her motion to dismiss the charges against her on this basis. Because Johnson could have, but did

3

not, challenge the absence of this revocation hearing during her original appeal, this issue is waived and therefore barred by the operation of the mandate rule. See United States v. Susi, 674 F.3d 278, 283 (4th Cir. 2012); cf. Doe v. Chao, 511 F.3d 461, 465 (4th Cir. 2007) (recognizing that issues not raised in initial appeal are generally waived and "not remanded"); Volvo Trademark Holding Aktiebolaget v. Clark Mach. Co., 510 F.3d 474, 481 (4th Cir. 2007) ("[U]nder the mandate rule a remand proceeding is not the occasion for raising new arguments or legal theories."). We find no exception to the mandate rule applicable to this argument. See United States v. Pileggi, 703 F.3d 675, 682 (4th Cir. 2013) (describing exceptions). We therefore affirm Johnson's convictions.

Johnson next raises multiple challenges to her sentence of imprisonment. We find two of these arguments to warrant further consideration on remand.[1] First, Johnson argues that the district court violated Apprendi v. New Jersey, 530 U.S. 466 (2000), by imposing an enhancement under U.S.

---

[1] We reject Johnson's assertions that the district court erred in failing to order the preparation of a revised presentence report, incorrectly determined the amount of loss for purposes of determining her Guidelines sentencing range, and failed to credit her for time served as utterly without merit.

Sentencing Guidelines Manual ("USSG") § 3C1.3 (2010).[2]  Because

Johnson raised this issue in the district court, we review her

challenge de novo.[3]  United States v. Mackins, 315 F.3d 399, 405

(4th Cir. 2003).

USSG § 3C1.3 provides for a three-level enhancement

"[i]f a statutory sentencing enhancement under 18 U.S.C. § 3147

applies."  Section 3147, in turn, provides for "a term of

imprisonment of not more than ten years . . . consecutive to any

other sentence of imprisonment" for any defendant who is

convicted of a felony committed while released on pretrial

supervision.  18 U.S.C. § 3147(1) (2006).

Apprendi requires that any fact increasing a criminal

penalty beyond the statutory maximum otherwise applicable must

be charged in the indictment and either submitted to a jury or

admitted by the defendant.  530 U.S. at 490.  Johnson argued

that the USSG § 3C1.3 enhancement violated Apprendi because its

predicate facts—that she committed offense conduct while

---

[2]  While Johnson also challenges other Guidelines enhancements under Apprendi, we find these challenges lack merit.  See United States v. Benkahla, 530 F.3d 300, 312 (4th Cir. 2008).

[3] Although Johnson did not raise this issue in her original sentencing hearing or first appeal, we conclude that it is appropriately considered in this appeal pursuant to one of the recognized exceptions to the mandate rule.  See Pileggi, 703 F.3d at 682 (recognizing exception to mandate rule where "controlling legal authority has changed dramatically").

released on pretrial supervision—were neither charged in the indictment nor found by a jury or admitted by Johnson. The district court overruled this objection after concluding that the enhancement did not result in a sentence greater than the statutory maximum applicable to her underlying offense.

After Johnson was resentenced, however, the Supreme Court held in Alleyne v. United States, 133 S. Ct. 2151 (2013), that Apprendi applies equally to facts increasing a statutory minimum sentence. Id. at 2156. Because the district court did not have the benefit of Alleyne at the time it addressed Johnson's objection, we vacate the portion of the sentence imposing this enhancement and remand to the district court to consider the impact, if any, of Alleyne on Johnson's USSG § 3C1.3 enhancement.

Johnson also asserts that the district court violated the Double Jeopardy and Due Process Clauses by imposing a harsher sentence on remand.[4] In North Carolina v. Pearce, 395 U.S. 711 (1969), the Supreme Court held that the Double Jeopardy Clause does not categorically bar the imposition of a more severe punishment upon reconviction for an offense. Id. at 723.

---

[4] We reject Johnson's contention that the court's sentence violates double jeopardy. See, e.g., United States v. DiFrancesco, 449 U.S. 117, 134-37 (1980); United States v. Silvers, 90 F.3d 95, 101 (4th Cir. 1996).

However, due process prohibits a sentencing court from imposing a punishment on resentencing to penalize the defendant for successfully pursuing her appellate rights. Id. at 724. Thus, to protect against such vindictiveness by a resentencing court, the Supreme Court held "that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear." Id. at 726. If this requirement is not met, "a presumption arises that a greater sentence has been imposed for a vindictive purpose—a presumption that must be rebutted by objective information justifying the increased sentence." Alabama v. Smith, 490 U.S. 794, 799 (1989) (internal quotation marks and alteration omitted).

On remand, the district court ordered the sentences applicable to Counts Fifteen and Sixteen to run consecutively to each other, rather than concurrently as in the original sentencing. See 18 U.S.C. § 1028A(b)(2), (4). However, the district court's reasons for imposing a more severe sentence on remand are not expressly clear from the record, and the Government concedes error on this basis. We therefore vacate Johnson's sentence as to Counts Fifteen and Sixteen and remand to the district court for further clarification of whether, and why, the court intended to impose the sentences applicable to

7

Counts Fifteen and Sixteen consecutively to each other on resentencing.

Johnson raises several other challenges to her sentence of imprisonment. Assuming, without deciding, that these arguments are not barred by the operation of the mandate rule, see Pepper v. United States, 131 S. Ct. 1229, 1250-51 (2011); United States v. Alston, __ F.3d __, 2013 WL 3722367, at *2-3 (4th Cir. July 17, 2013), we conclude these arguments are meritless.

Turning to the restitution order, Johnson argues that the district court failed to comply with this court's mandate, abused its sentencing discretion, and denied her right to due process by re-imposing restitution in the amount of $107,593.30. However, the resentencing court ordered Johnson to pay $53,666.30 in restitution—exactly the amount found appropriate in this court's prior opinion. See Johnson, 480 F. App'x at 190. While Johnson also asserts that district court personnel deliberately "falsified" her restitution order, we find no basis in the record to support Johnson's speculative assertion.

Finally, Johnson challenges the district court's denial of her requests for grand jury transcripts under the Freedom of Information Act, 5 U.S.C.A. § 552 (West Supp. 2012), and Brady v. Maryland, 373 U.S. 83 (1963). Generally, grand jury proceedings are secret, and matters occurring before the

8

grand jury are subject to nondisclosure absent exceptions set forth in Federal Rule of Criminal Procedure 6(e). See United States v. Sells Eng'g, Inc., 463 U.S. 418, 424-25 (1983). To warrant disclosure, the petitioner must made "a strong showing of particularized need." Id. at 434. We conclude that Johnson failed to make the requisite showing to warrant disclosure. Nor did the district court violate FOIA or Brady by failing to disclose these materials. See Vinson v. True, 436 F.3d 412, 420 (4th Cir. 2006) (required elements for valid Brady claim); United States v. Casas, 376 F.3d 20, 22 (1st Cir. 2004) (federal courts not "agencies" subject to FOIA); McDonnell v. United States, 4 F.3d 1227, 1246-47 (3d Cir. 1993) (grand jury disclosures exempt from FOIA); Fund for Constitutional Gov't v. Nat'l Archives & Records Serv., 656 F.2d 856, 869 (D.C. Cir. 1981) (same).

Accordingly, we affirm Johnson's convictions; vacate her sentence of imprisonment in part to permit the court to (1) reconsider its ruling on the USSG § 3C1.3 enhancement in light of Alleyne, and (2) clarify its decision to impose the sentences for Counts Fifteen and Sixteen consecutively. We affirm Johnson's sentence and restitution order as to all remaining issues; and remand for further proceedings consistent with this opinion. We deny Johnson's motion for bail or release pending appeal, and we deny as moot Johnson's motions for

9

transcripts and other documents at government expense. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED
