**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-4006**

_____

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

RONDELL HAMMONDS,

                    Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern
District of North Carolina, at Wilmington.  Louise W. Flanagan,
District Judge.  (7:10-cr-00110-FL-1)

_____

Submitted:  August 28, 2012          Decided:  October 18, 2012

_____

Before NIEMEYER and KEENAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Samuel A. Forehand, LAW OFFICE OF SAMUEL A. FOREHAND, P.A.,
Raleigh, North Carolina, for Appellant.  Thomas G. Walker,
United States Attorney, Jennifer P. May-Parker, Yvonne V.
Watford-McKinney, Assistant United States Attorneys, Raleigh,
North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rondell Hammonds pled guilty to being a felon in possession of a firearm, and the district court sentenced him to 163 months of imprisonment and five years of supervised release. On appeal, Hammonds alleges the district court erred by sentencing him as an armed career criminal, and by imposing a five-year term of supervised release with conditions. For the reasons that follow, we affirm Hammonds' conviction and sentence.

Under the Armed Career Criminal Act ("ACCA") a defendant is an armed career criminal and subject to a fifteen-year mandatory-minimum sentence if he violates 18 U.S.C. § 922(g)(1) (2006) and has at least three prior convictions for violent felonies or serious drug offenses "committed on occasions different from one another." 18 U.S.C. § 924(e)(1) (2006). Hammonds contests the use of his 1997 North Carolina conviction for discharging a firearm into an occupied property because he was not represented by counsel for that conviction. More specifically, Hammonds argues that, although he waived counsel in that state conviction and signed a waiver of counsel form, such waiver was not done knowingly and intelligently.

We conclude that Hammonds has failed to meet his burden of showing the invalidity of his prior conviction with state court records or corroborating testimony from

2

disinterested witnesses, as required to prevail on this claim. United States v. Jones, 977 F.2d 105, 109 (4th Cir. 1992); United States v. Davenport, 884 F.2d 121, 124 (4th Cir. 1989). Moreover, we note that the district court examined the record, United States v. Gallop, 838 F.2d 105, 110 (4th Cir. 1988), and determined that, based on Hammonds' extensive criminal history, he knowingly and intelligently waived his right to counsel in the state conviction. The record as a whole must demonstrate voluntary, knowing, and intelligent waiver. We have held that no particular interrogation of the defendant is required in order for him to waive counsel, United States v. King, 582 F.2d 888, 890 (4th Cir. 1978), and our examination of the entire record reveals no reversible error.

Next, Hammonds contests the imposition of his five-year term of supervised release and challenges some of the conditions imposed with the term. District courts have broad latitude to impose conditions on supervised release and we normally review any conditions of supervised release for an abuse of discretion. United States v. Armel, 585 F.3d 182, 186 (4th Cir. 2009); United States v. Dotson, 324 F.3d 256, 259, 260 (4th Cir. 2003). Moreover, probation officers are authorized to manage aspects of sentences and to supervise persons on supervised release with respect to all conditions imposed by the

3

district court. 18 U.S.C. §§ 3602, 3603 (2006); <u>United States v. Johnson</u>, 48 F.3d 806, 808 (4th Cir. 1995).

As conceded by appellate counsel, however, Hammonds must establish plain error in the district court's imposition of his term of supervised release and the conditions imposed on that term. We conclude that Hammonds has failed to meet the demanding burden of establishing plain error for his term of supervised release or the imposed conditions. <u>See</u> <u>United States v. Olano</u>, 507 U.S. 725, 731–32 (1993).

Accordingly, we affirm Hammonds' sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4