**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 16-4725**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

RONDELL HAMMONDS,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. Louise W. Flanagan, District Judge. (7:10-cr-00110-FL-1)

Submitted: June 27, 2017                    Decided: July 19, 2017

Before NIEMEYER, SHEDD, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Eric J. Brignac, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. John Stuart Bruce, United States Attorney, Jennifer P. May-Parker, First Assistant United States Attorney, Seth M. Wood, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The district court sentenced Rondell Hammonds to 163 months' imprisonment after crediting him with time served on a discharged and undischarged state term of imprisonment related to his federal offense pursuant to U.S. Sentencing Guidelines Manual §§ 5G1.3(b), 5K2.23, p.s. (2010). We affirmed Hammonds' conviction and sentence on appeal. *United States v. Hammonds*, 495 F. App'x 369, 370 (4th Cir. 2012) (No. 12-4006). After the district court granted Hammonds' 28 U.S.C. § 2255 (2012) motion, it resentenced Hammonds to 96 months' imprisonment, but declined to apply the same credit for Hammonds' now discharged term of state imprisonment. Hammonds appeals, contending that the district court was bound by our previous mandate to apply the same credit that it did at his initial sentencing. We disagree, and we affirm the district court's judgment.

"We review a district court's interpretation of the mandate rule de novo." *United States v. Alston*, 722 F.3d 603, 606 (4th Cir. 2013). "The mandate rule is a specific application of the law of the case doctrine that prohibits a lower court from reconsidering on remand issues laid to rest by a mandate of the higher court." *Id.* (internal quotation marks omitted). The mandate rule "forecloses relitigation of issues expressly or impliedly decided by the appellate court," as well as "issues decided by the district court but foregone on appeal or otherwise waived." *United States v. Susi*, 674 F.3d 278, 283 (4th Cir. 2012). But "[a] criminal sentence is a package of sanctions that the district court utilizes to effectuate its sentencing intent." *Pepper v. United States*, 562 U.S. 476, 507 (2011) (internal quotation marks omitted). Thus, "when an appellate court sets aside a

2

defendant's entire sentence and remands for a de novo resentencing pursuant to a general mandate, the district court on resentencing is not bound by its prior consideration of the case." *Alston*, 722 F.3d at 607 (alteration and internal quotation marks omitted).

We conclude that our decision in *Alston* forecloses Hammonds' argument on appeal. In *Alston*, the defendant was originally classified as a career offender and the district court denied the government's motion for an upward departure pursuant to USSG § 4A1.3. 722 F.3d at 605. On direct appeal, we concluded that the defendant was no longer a career offender in light of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc), and we vacated the defendant's sentence and "remanded for resentencing in accordance with *Simmons*." *Alston*, 722 F.3d at 605 (alteration and internal quotation marks omitted). On remand, the government renewed its upward departure motion, and the district court granted it. *Id.* at 605-06. The defendant appealed, contending in part "that the district court improperly ignored this Court's mandate . . . when it granted the government's upward departure on remand." *Id.* at 606.

We rejected the defendant's argument, because we had "vacated [the defendant's] sentence in toto and remanded for a complete resentencing in accordance with *Simmons*, leaving open the district court's ability to reconfigure the sentencing plan to satisfy the sentencing factors in 18 U.S.C. § 3553(a) [(2012)]." *Id.* at 607 (internal alterations and quotation marks omitted). Moreover, we recognized that the district court had a "duty to make an individualized assessment of [the defendant] based on the facts presented." *Id.* (internal alteration and quotation marks omitted). We further noted that "the district

court faced a much altered Guidelines range landscape, but no diminution in its duty to apply the § 3553(a) factors to determine [the defendant]'s appropriate sentence." *Id.*

Here, as well, the district court had an obligation to fashion an appropriate sentence under § 3553(a). Just as *Simmons* significantly altered the legal landscape in *Alston*, the legal landscape was dramatically different at Hammonds' resentencing after the Supreme Court's decision in *Johnson*[*] invalidated Hammonds' previous sentence. Thus, the district court was forced to balance the changed circumstances with its obligations to consider the § 3553(a) factors and, in a well-reasoned opinion, the court determined that this altered legal landscape made its previous ruling untenable. The facts that the Government failed to appeal the district court's previous sentence, and that Hammond came before the district court for resentencing as a result of § 2255 relief rather than for resentencing on remand from this court do not compel a different result. *See United States v. Parker*, 762 F.3d 801, 805-06 (8th Cir. 2014); *United States v. Hillary*, 106 F.3d 1170, 1173 (4th Cir. 1997).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] *Johnson v. United States*, 135 S. Ct. 2551 (2015).