**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4007**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WILLIAM WESLEY SELLARS, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:14-cr-00078-NCT-1)

Submitted:  August 24, 2017                    Decided:  September 20, 2017

Before GREGORY, Chief Judge, and NIEMEYER and KEENAN, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Eugene E. Lester, III, SHARPLESS & STAVOLA, Greensboro, North Carolina, for Appellant.  Sandra Hairston, Acting United States Attorney, Kyle D. Pousson, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Wesley Sellars, Jr., appeals from his 107-month sentence imposed on resentencing. On appeal, Sellars challenges the failure of the district court to hear evidence on his objections to certain sentencing enhancements at both his first and second sentencing hearing. He also reframes his argument as one of ineffective assistance of counsel. The Government contends that Sellars' appeal is barred by the appeal waiver contained in his plea agreement. We dismiss the appeal.

Sellars pled guilty, pursuant to a plea agreement, to possession with intent to distribute cocaine base and possession of a firearm by a convicted felon. The plea agreement contained a waiver of appellate rights, exempting claims of ineffective assistance of counsel, prosecutorial misconduct, a sentence exceeding the statutory maximum, or a sentence based on an unconstitutional factor. At Sellars' Fed. R. Crim. P. 11 hearing, the parties agreed that the waiver would not cover claims based upon "changes in the law . . . to his benefit."

Sellars' presentence report (PSR) included enhancements for possession of a firearm, U.S. Sentencing Guidelines Manual § 2D1.1(b)(1), and maintaining a drug premises, USSG § 2D1.1(b)(12). However, the PSR also deemed Sellars an armed career criminal, which determined his Sentencing Guidelines range. Based on Sellars' classification as an armed career criminal, the PSR calculated a Guidelines range of 188 to 235 months' imprisonment.

Sellars filed objections to the sentencing enhancements, asserting generally that the weapon was not connected to the offense and that his residence was not primarily

2

used for drug trafficking.  At sentencing, counsel withdrew these objections, recognizing that they did not affect Sellars' Guidelines calculation, given his armed career criminal status.  Sellars, however, stated that he wanted to address the sentencing enhancements.

Counsel then presented argument against the firearm enhancement, contending that the firearm was purchased for protection from burglaries in the neighborhood and was found in the original manufacturer's box.  Counsel also stated that the premises enhancement was improper because the premises were used primarily as Sellars' residence.  The district court stated that the objections would be without merit, providing reasons.  The court then adopted the PSR.

Counsel requested a downward variance to the armed career criminal statutory minimum sentence of fifteen years' (180 months') imprisonment, based upon Sellars' community support and family relationships.  Counsel also noted that the armed career criminal sentence was "heavy-handed" given the dates of the prior convictions. The court granted the variance and sentenced Sellars to 180 months' imprisonment.

On appeal, Sellars' counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there were no meritorious grounds for appeal but questioning whether the district court erred in conducting the Rule 11 hearing and in sentencing Sellars.  Sellars filed a pro se supplemental brief questioning his classification as an armed career criminal.  We ordered Sellars' counsel to file a merits brief addressing *United States v. Davis*, 720 F.3d 215 (4th Cir. 2013).  Sellars subsequently filed a motion to remand in light of *United States v. Newbold*, 791 F.3d 455 (2015), which held that the ruling in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), applied when

3

evaluating whether a prior conviction is a "serious drug offense" for armed career criminal predicate purposes. Sellars contended that, in light of *Newbold*, he was no longer an armed career criminal. The Government joined the motion. We granted the motion to remand, vacated Sellars' sentence, and ordered resentencing in light of *Newbold*.

On remand, the probation officer filed a memorandum updating the PSR. The amended PSR found that Sellars was no longer an armed career criminal. The PSR recalculated the Guidelines range, again applying the enhancements for possession of a firearm and maintaining a drug premises, and concluded that Sellars' new Guidelines range was 97 to 121 months in prison. At the resentencing hearing, neither party objected to the Guidelines range, and Sellars affirmatively agreed with the calculations. The district court imposed a sentence of 107 months. Sellars timely appealed.

On appeal, Sellars contends that the district court erred in not considering his evidence and objections regarding the firearm and drug premises enhancements. Sellars alleges that the district court erred at both his first and second sentencing in this regard. He further asserts that this argument falls outside of his appellate waiver because it is based both on a change in law and on ineffective assistance of counsel at both the first and second sentencing hearing.

First, Sellars may not challenge the district court's rulings at his first sentencing hearing. "[W]hen an appellate court sets aside a defendant's entire sentence and remands for a de novo resentencing pursuant to a general mandate, the district court on resentencing is not bound by its prior consideration of the case." *United States v. Alston*,

4

722 F.3d 603, 607 (4th Cir. 2013) (alteration and internal quotation marks omitted). In *Alston,* we determined that this court had "vacated [the defendant's] sentence in total and remanded for a complete resentencing in accordance with *Simmons*, . . . leaving open the district court's ability to reconfigure the sentencing plan to satisfy the sentencing factors in 18 U.S.C. § 3553(a) [(2012)]." *Id.* at 607 (alterations and internal quotation marks omitted). Likewise here, Sellars' sentence was vacated and remanded for resentencing in accordance with *Newbold*. As such, Sellars was free to raise any objections to the enhancements on remand. Accordingly, any errors at his first resentencing are unappealable, as that sentence was vacated and the related rulings were reopened.[1]

Second, Sellars contends that the district court procedurally erred at his second sentencing in not accepting evidence on his objections to the sentencing enhancements. However, Sellars cites no new law regarding the procedures for accepting evidence that would exempt this issue from the scope of the waiver.[2] Instead, Sellars contends that his arguments flow from the new law in *Newbold*, because before *Newbold*, the sentencing

---

[1] In his reply brief, Sellars contends that the trial court mistakenly chose not to revisit its earlier "erroneous advisory ruling, and instead relied on its past mistake." Sellars cites *United States v. Susi*, 674 F.3d 278 (4th Cir. 2012), for the proposition that, on resentencing, the district court is not required to consider new evidence and arguments beyond those relevant to the issues on appeal. (Reply Br. (ECF No. 35)). However, *Susi* is irrelevant in this case where Sellars did not seek to challenge the enhancements at the second sentencing. Sellars' inference that the district court erroneously believed that it was bound by its prior ruling finds no support in the record.

[2] Sellars also contends that his appellate waiver was not knowing and voluntary because the discussion at sentencing about "new law" was vague. Even if certain claims could fall into a gray area, this is not one, given that Sellars cites no new law that has followed his second sentencing hearing.

5

enhancements did not affect his sentence, but after *Newbold* eliminated his armed career criminal status, the sentencing enhancements became relevant for the first time. We find that such a claim is too attenuated to be exempted from the waiver. The applicable procedural law challenged by Sellars has not changed, and as such, Sellars' claim is barred by his appellate waiver. Moreover, *Newbold* was decided prior to Sellars' second sentencing hearing, and thus, even given the most liberal of constructions, it cannot be considered new law in this regard.

Finally, Sellars attempts to paint his claim as one of ineffective assistance. While such a claim would be exempted from Sellars' waiver, we conclude that it is not cognizable on direct appeal. Even if it were error not to pursue the objections at one or both sentencings, Sellars has failed to make any showing of prejudice, much less a showing that his "lawyer's ineffectiveness conclusively appears from the record," as required for review of such a claim on direct appeal. *United States v. Bernard*, 708 F.3d 583, 593-94 (4th Cir. 2013). Accordingly, any claim of ineffective assistance is more properly brought in a 28 U.S.C. § 2255 (2012) motion.

We dismiss Sellars' appeal on the basis of his appellate waiver, his inability to challenge his first sentencing in this appeal, and his failure to show conclusive evidence of ineffective assistance. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

6