**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4552**

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

        v.

LEWIS ALSTON,

                Defendant – Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  Louise W. Flanagan,
Chief District Judge.  (5:09-cr-00095-FL-1)

Submitted:  September 19, 2011        Decided:  September 29, 2011

Before WILKINSON, NIEMEYER, and KEENAN, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished
per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant.   George  E.  B.  Holding,  United  States  Attorney,
Jennifer P. May-Parker, Rudy E. Renfer, Assistant United States
Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lewis Alston pleaded guilty to possession with intent to distribute five grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (2006), and maintaining a place for the purpose of distributing and using crack cocaine, in violation of 21 U.S.C. § 856(a)(1) (2006). The district court determined that Alston was accountable for 22.28 grams of crack cocaine, and that his advisory guideline range was 120 to 150 months' imprisonment. The court sentenced Alston to 150 months' imprisonment. Alston appeals, arguing that the district court erred by converting $928 in cash that was found in Alston's apartment to its crack cocaine equivalent and adding it to the 13 grams of crack cocaine actually found. He also argues that he should not have been subjected to an enhanced sentence under 21 U.S.C. § 851 (2006), because his prior state convictions did not qualify as felonies. Finally, he argues that the sentence imposed was substantively unreasonable. For the reasons that follow, we affirm the judgment, vacate the sentence, and remand for resentencing.

First, we find no clear error in the district court's determination that the money found in Alston's apartment was attributable to his drug trafficking activities. United States v. Kellam, 568 F.3d 125, 147 (4th Cir. 2009) (providing standard). The $928 included the $20 that had been used by a

2

confidential informant to buy drugs from Alston.  Further, the district court noted that there was evidence throughout the apartment suggesting Alston's involvement in the drug trade, including the 13 grams of crack cocaine, a video surveillance system set up outside the apartment, and a firearm in the closet.  Finally, the district court pointed out that the money could credibly be linked to drugs because Alston was unemployed and had no visible means of support.  The district court's findings are not clearly erroneous.  See U.S. Sentencing Guidelines Manual § 2D1.1, cmt. n.12 (2007); United States v. Sampson, 140 F.3d 585, 592 (4th Cir. 1998).

Alston's second argument, however, is meritorious. Because Alston did not raise this argument below, we review for plain error.  United States v. Lynn, 592 F.3d 572, 577-78 (4th Cir. 2010).  To prevail under the plain error standard, Alston must show that plain error by the district court affected his substantial rights.  Id. at 577, 580.  The district court applied an enhanced sentence to Alston, pursuant to 21 U.S.C.A. §§ 841(b)(1)(B), 851 (West 1999 & Supp. 2011), because Alston had two prior state convictions, one for a Class I felony for which he had a prior record level of I, and one for a Class I felony with a prior record level of II.  Alston was sentenced from the presumptive range in both cases, and was therefore

3

subject to a maximum sentence of eight months each time. See N.C. Gen. Stat. § 15A-1340.17(c)-(d) (2009).

At the time of Alston's sentencing, district courts were required to follow this court's determination that whether a prior conviction qualified as a felony for purposes of § 851 was evaluated by considering "the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." United States v. Harp, 406 F.3d 242, 246 (4th Cir. 2005). While Alston's appeal was pending, however, Harp was overruled by our en banc decision in United States v. Simmons, ___ F.3d ___, 2011 WL 3607266 (4th Cir. Aug. 17, 2011) (en banc). Simmons held that a prior North Carolina offense was punishable for a term exceeding one year only if the particular defendant before the court had been eligible for such a sentence under the applicable statutory scheme, taking into account his criminal history and the nature of his offense. Id., at *8; see also N.C. Gen. Stat. § 15A-1340.17(c)-(d). We agree with Alston that, on the record before us, he was not eligible on either of his North Carolina convictions to receive a sentence exceeding one year.

Because Simmons directs the conclusion that Alston was not convicted of a felony punishable by more than one year of incarceration, he is not subject to the § 851 enhancement. Because we find that this error affected Alston's substantial

4

rights, we vacate Alston's sentence and remand the case to the district court for resentencing.[*]

Accordingly, we affirm Alston's judgment, vacate his sentence, and remand for resentencing in accordance with Simmons. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART,</u>
<u>VACATED IN PART,</u>
<u>AND REMANDED</u>

---

[*] Because Alston will be resentenced, we need not address his third issue, as to the reasonableness of his sentence.