**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-5204**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

LEWIS ALSTON,

        Defendant – Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  Louise W. Flanagan,
District Judge.  (5:09-cr-00095-FL-1)

Argued: May 16, 2013            Decided: July 17, 2013

Before WILKINSON and AGEE, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by published opinion.  Judge Agee wrote the opinion, in
which Judge Wilkinson and Senior Judge Hamilton joined.

**ARGUED:** Eric Joseph Brignac, OFFICE OF THE FEDERAL PUBLIC
DEFENDER, Raleigh, North Carolina, for Appellant.  Joshua L.
Rogers, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North
Carolina, for Appellee.  **ON BRIEF:** Thomas P. McNamara, Federal
Public Defender, Stephen C. Gordon, Assistant Federal Public
Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North
Carolina, for Appellant.  Thomas G. Walker, United States
Attorney, Jennifer P. May-Parker, Assistant United States

Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

AGEE, Circuit Judge:

The United States District Court for the Eastern District of North Carolina originally sentenced Lewis Alston ("Alston") to 150 months' imprisonment, but that sentence was vacated on appeal and remanded for resentencing. See United States v. Alston (Alston I), 447 F. App'x 498, 500 (4th Cir. 2011). On remand, the district court sentenced Alston to an above-Guidelines sentence of 120 months' imprisonment from which he now appeals. For the reasons set forth below, we affirm the judgment of the district court.[1]

I

Alston pleaded guilty to possession of five grams or more of crack cocaine in violation of 21 U.S.C. § 841 and to maintaining a dwelling for the use of cocaine in violation of 21 U.S.C. § 856. The government filed a notice of its intent to seek an enhanced penalty pursuant to 21 U.S.C. §§ 841(b)(1)(B) and 851, contending that Alston had prior convictions for felony drug offenses punishable by imprisonment for more than one year and subjecting Alston to a statutory minimum of 10 years'

---

[1] Alston raises no issue concerning his underlying conviction on appeal.

imprisonment. At Alston's original sentencing hearing, the district court concluded that Alston's total offense level was 27 and his criminal history category was V, based upon his prior convictions for felony drug offenses punishable by imprisonment for more than one year.[2] Based upon these calculations, the district court determined that Alston's advisory range of imprisonment under the United States Sentencing Guidelines (the "Guidelines") was 120 to 150 months.[3]

Once the district court determined Alston's Guidelines range, the government moved for an upward departure pursuant to section 4A1.3 of the Guidelines, arguing that the range did not properly account for Alston's criminal history. The district court denied the government's upward departure motion and sentenced Alston to 150 months' imprisonment.

---

[2] Under our then-existing precedent in United States v. Harp, 406 F.3d 242, 246 (4th Cir. 2005), the district court treated all of Alston's prior convictions for which the maximum aggravated sentence for the worst offender under the applicable statute was greater than one year as felony drug offenses. This determination was made without regard to whether Alston himself could have been sentenced to more than one year of imprisonment for those convictions.

[3] Alston was found accountable for 22.28 grams of crack cocaine.

Alston appealed, and the government did not cross-appeal. While Alston's appeal was pending, this Court decided United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), which expressly overruled Harp. Simmons, 649 F.3d at 241 (concluding that "Harp no longer remains good law."). As Alston had been sentenced in accordance with Harp, we "vacate[d Alston's] sentence, and remand[ed] for resentencing in accordance with Simmons." See Alston I, 447 F. App'x at 500.

On remand, the probation officer recalculated Alston's total offense level as 23 and his criminal history category as IV, resulting in a Guidelines range of 70 to 87 months' imprisonment. Alston requested a sentence of 70 months, the low end of the Guidelines range. The government moved for an upward departure pursuant to section 4A1.3 of the Guidelines, again arguing that Alston's suggested range of imprisonment did not properly account for his criminal history. Alston objected to the government's upward departure motion, contending that the district court had already ruled on the issue at his prior sentencing hearing and that the government chose not to appeal that ruling. The district court granted the government's upward departure motion over Alston's objection and determined that "a sentence within the range of 100 to 125 months is one that will accomplish the purposes of the sentencing." J.A. 89. After

5

balancing the factors listed in § 3553(a), the district court sentenced Alston to 120 months' imprisonment and five years' supervised release on Count One and two years' supervised release on Count Two, to run concurrently. The district court stated that it would impose the same sentence "regardless of the advice of the [G]uidelines." J.A. 91.

At the conclusion of Alston's sentencing hearing, he requested that the court retroactively apply the Fair Sentencing Act ("FSA"). Congress had enacted the FSA after Alston was convicted but before his resentencing. The district court noted that it did "not find the Fair Sentencing Act retroactive under these circumstances" but that Alston's sentence was "quite obviously still within [the] range" dictated by the FSA. J.A. 92. The parties agreed that, under the FSA, Alston would have faced a maximum of 20 years' imprisonment, whereas prior to its enactment, Alston would have been subject to a maximum of 40 years' imprisonment.

Alston timely appealed. We have jurisdiction under 28 U.S.C. § 1291.

II

We review a district court's interpretation of the mandate rule de novo. United States v. Susi, 674 F.3d 278, 283 (4th Cir.

2012). We also review questions of law de novo. United States v. Gomez, 690 F.3d 194, 197 (4th Cir. 2012). And we review a district court's sentencing decisions for an abuse of discretion. United States v. King, 673 F.3d 274, 283 (4th Cir. 2012).

## III

Alston raises three issues on appeal.[4] First, Alston contends that the district court improperly ignored this Court's mandate in Alston I when it granted the government's upward departure motion on remand. Second, Alston argues that the district court improperly declined to retroactively apply the

---

[4] Alston makes a fourth argument that is not properly before the Court. He argues that the district court erred in imposing a five-year term of supervised release without specifically discussing and departing from Guidelines section 5D1.2, which suggested a supervised release term of three years. Alston raises this argument for the first time in his reply brief and did not raise it before the district court. His argument is therefore waived. See Cavallo v. Star Enter., 100 F.3d 1150, 1152 n.2 (4th Cir. 1996) (holding that "an issue first argued in a reply brief is not properly before a court of appeals"). Moreover, Alston's term of supervised release is within the bounds of § 841(b)(1)(C), which provides for a minimum of three years' supervised release and "does not cap the period of supervised release that a district court may impose." United States v. Pratt, 239 F.3d 640, 647 (4th Cir. 2001).

7

FSA. Third, Alston argues that his sentence is substantively unreasonable.

A

The "mandate rule" is a specific application of the law of the case doctrine that prohibits a lower court from reconsidering on remand issues laid to rest by a mandate of the higher court. Susi, 674 F.3d at 283. The mandate rule "forecloses litigation of issues decided by the district court but foregone on appeal or otherwise waived." United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993). However, "to the extent that the mandate of the appellate court instructs or permits reconsideration of sentencing issues on remand, the district court may consider the issue de novo, entertaining any relevant evidence on that issue that it could have heard at the first hearing." Id. at 67 (quotation marks omitted).

Alston argues that because the district court had considered and denied the government's initial section 4A1.3 upward departure motion in his initial sentencing and the government did not appeal that ruling, the government "could not . . . ask the district court to resuscitate the departure issue upon remand." Opening Br. 14. The Fourth Circuit's mandate, Alston asserts, limited the district court to considering on

remand only its application of § 851(b)(1)(B) in light of Simmons.

Alston correctly points out that a district court on remand "may not reconsider issues the mandate laid to rest." Susi, 674 F.3d at 283. Still, when "an appellate court sets aside a defendant's 'entire sentence and remand[s] for a de novo resentencing' pursuant to a general mandate, the district court on resentencing is not bound by its prior consideration of the case." Id. at 284 (quoting Pepper v. United States, 131 S. Ct. 1229, 1250–51 (2011)). Rather,

> [b]ecause a district court's original sentencing intent may be undermined by altering one portion of the calculus, an appellate court when reversing one part of a defendant's sentence may vacate the entire sentence . . . so that, on remand, the trial court can reconfigure the sentencing plan . . . to satisfy the sentencing factors in 18 U.S.C. § 3553(a).

Pepper, 131 S. Ct. at 1250–51 (quotation marks and citations omitted).

In this case, our prior panel "vacate[d Alston's] sentence" in toto and remanded for a complete resentencing "in accordance with Simmons," Alston I, 447 F. App'x at 500, leaving open the district court's ability to "reconfigure the sentencing plan . . . to satisfy the sentencing factors in 18 U.S.C. § 3553(a)," Pepper, 131 S. Ct. at 1251. Nothing in our mandate altered the district court's duty to "make an individualized assessment [of

9

Alston] based on the facts presented." Gall v. United States, 552 U.S. 38, 50 (2007). Indeed, as the district court expressed on remand, it denied the government's upward departure motion at Alston's original sentencing hearing only because Alston's original Guidelines sentence range of up to 150 months "accomplished the purposes of the sentencing." J.A. 83.

On remand, the district court faced a much altered Guidelines range landscape, but no diminution in its duty to apply the § 3553(a) factors to determine Alston's appropriate sentence. Prohibiting the district court from taking a holistic approach to Alston's resentencing would not only undermine the district court's original sentencing intent, it would prevent the district court from making the very individualized assessment of Alston required by § 3553(a). See Gall, 552 U.S. at 50. Nothing in the Alston I mandate dealt with the district court's ability to consider a section 4A1.3 departure. Thus, because we vacated Alston's entire sentence and remanded for de novo resentencing, the district court correctly determined that the mandate rule did not preclude it from considering the government's renewed section 4A1.3 upward departure motion.

Alston argues that his suggested term of imprisonment under the Guidelines would have been different had the district court retroactively applied the FSA, which would have changed the district court's Guidelines calculation and which, in turn, could have affected the district court's § 3553(a) determination.

The FSA applies retroactively. Dorsey v. United States, 132 S. Ct. 2321, 2331 (2012). Thus, the district court erred when it declined to retroactively apply the FSA to Alston on remand. The government concedes this error, but argues that resentencing is unwarranted because the error was harmless. See United States v. Hargrove, 701 F.3d 156, 161–62 (4th Cir. 2012). We agree.[5]

Alston argues that the district court "misunderstood the nature of Mr. Alston's offense" because, by declining to apply the FSA, it believed that "Congress intended to punish [Alston's] offense much more severely than it actually did." Opening Br. 21. As we recently reaffirmed in United States v. Hargrove, 701 F.3d 156 (4th Cir. 2012), however, we will not

---

[5] The parties agree that Alston's sentence of 120 months' imprisonment is within the statutory range dictated by the FSA, which establishes a statutory maximum sentence of 20 years' imprisonment.

vacate a sentence when resentencing would be "'little more than an empty formality, [and] the sentence the district court would impose on remand is a foregone conclusion.'" 701 F.3d at 162 n.3 (quoting United States v. Revels, 455 F.3d 448, 452 (4th Cir. 2006)).

The district court made clear at Alston's resentencing that it would have imposed the same sentence "regardless of the advice of the [G]uidelines," J.A. 91, and specifically noted that his sentence was "quite obviously still within [the] range" dictated by the FSA. J.A. 92. The district court thus expressly ruled that the lower statutory maximum of the FSA would have had no effect on its § 3553(a) determination.

While the district court erred in concluding that the FSA did not apply retroactively, that error was harmless as demonstrated by the district court's statements at sentencing.

C

Alston finally argues that his sentence is substantively unreasonable because the district court increased his sentence to ensure that Alston had the opportunity to receive drug treatment, mental health treatment, and vocational training in prison. Alston correctly notes that a district court cannot "impose[] or lengthen[] a prison term in order to promote a

12

criminal defendant's rehabilitation." Tapia v. United States, 131 S. Ct. 2382, 2385 (2011). Yet a review of the sentencing transcript reveals that the district court did not, in fact, base the length of Alston's sentence on his rehabilitative needs.

After determining the appropriate sentence under § 3553(a), the district court stated,

> This is a sentence sufficient, but not greater than necessary. This is a sentence that will promote respect for the law; that will discourage this type of conduct. But very importantly, it protects the public from you and . . . provide[s] the needed treatment of care in the most effective manner possible.

J.A. 89–90. In contrast, in Tapia, the district court expressly stated that its sentence "ha[d] to be sufficient . . . to provide needed correctional treatment" and openly imposed a sentence to ensure that the defendant was "in long enough" to participate in a certain drug rehabilitation program. 131 S. Ct. at 2392–93.

The district court here did not choose the length of Alston's prison sentence to correspond with the length of a rehabilitation program provided to prisoners. Rather, the district court simply restated the factors listed in § 3553(a)(2) and reflected how each of those factors was met by Alston's 120-month sentence. Section 3553(a)(2) expressly requires district courts to consider

13

the need for the sentence imposed—

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2) (emphasis added).

Clearly, Tapia does not prevent a district court from considering the § 3553(a)(2)(D) factor in the course of a sentencing proceeding. Rather, Tapia stands for the proposition that a court cannot impose or lengthen a sentence to ensure that a defendant can complete a training or rehabilitation program. See Tapia, 131 S. Ct. at 2392. Accordingly, the district court committed no error in considering whether Alston's sentence would provide him with "correctional treatment in the most effective manner," as expressly required by 18 U.S.C. § 3553(a)(2)(D).

IV

For all the foregoing reasons, the judgment of the district court is

AFFIRMED.

14