**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 14-4720**

---

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

BEVERLY ALLEN BAKER,

        Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever III, Chief District Judge. (5:11-cr-00237-D-1)

---

Submitted: April 30, 2015        Decided: May 6, 2015

---

Before GREGORY and WYNN, Circuit Judges, and DAVIS, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Marilyn G. Ozer, MASSENGALE & OZER, Chapel Hill, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Yvonne V. Watford-McKinney, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Beverly Allen Baker was convicted by a jury of conspiracy to distribute 280 grams or more of cocaine base (crack) in violation of 21 U.S.C. § 846 (2012), and nine counts of crack distribution, in violation of 21 U.S.C. § 841 (2012). After a remand of her sentence, the district court resentenced Baker to 360 months of imprisonment. Baker appeals, contending that her sentence is procedurally unreasonable because the district court miscalculated her Sentencing Guidelines range. She contests the district court's findings on drug quantities attributed to her transactions with Wayne Vick, Malcolm Dowdy, and Michael Burrell. Finding no error, we affirm the sentence.

We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 46 (2007). The court first reviews for significant procedural error, and if the sentence is free from such error, it then considers substantive reasonableness. Id. at 51. Procedural error includes improperly calculating the Guidelines range, treating the Guidelines range as mandatory, failing to consider the 18 U.S.C. § 3553(a) (2012) factors, and failing to adequately explain the selected sentence. Id.

The Government must prove the drug quantity attributable to the defendant by a preponderance of the evidence. United States v. Carter, 300 F.3d 415, 425 (4th Cir. 2002). The

2

district court may rely on information in the presence report unless the defendant shows that the information is inaccurate or unreliable. Id. A district court's findings on drug quantity are generally factual in nature and, therefore, are reviewed by this court for clear error. Id. In determining the quantity of drugs attributable to the defendant, "[w]here there is no drug seizure or the amount seized does not reflect the scale of the offense, the court shall approximate the quantity of the controlled substance." U.S. Sentencing Guidelines Manual § 2D1.1 cmt. n.5. (2013).

Baker argues that the evidence of the quantity of crack attributed to her transactions with Wayne Vick and Michael Burrell was inconsistent and unreliable. We have reviewed the trial testimony provided and that recited by the district court[*] and the applicable record and conclude that the court did not clearly err in its determination of applicable drug quantity, which resulted in a base offense level of 36.

Baker also challenges the district court's attribution of 5.4 kilograms of crack based on purchases from Malcolm Dowdy when the district court only found 2.4 kilograms at the first sentencing. The Government responds that the district court's

---

[*] Baker did not include the original trial testimony of Michael Burrell in the Joint Appendix, but the district court quoted it in its sentence justification.

finding was supported by a preponderance of the evidence, citing the supporting trial testimony.

When an original sentence is vacated in its entirety, "prior sentencing proceedings [are] nullified," and the district court conducts resentencing de novo. <u>United States v. Muhammad</u>, 478 F.3d 247, 250 (4th Cir. 2007); <u>see</u> <u>Pepper v. United States</u>, 131 S. Ct. 1229, 1251 (2011). However, where the sentence is vacated in part or for a limited purpose, the mandate rule "forecloses relitigation of issues expressly or impliedly decided by the appellate court," as well as "issues decided by the district court but foregone on appeal or otherwise waived, for example because they were not raised in the district court." <u>United States v. Susi</u>, 674 F.3d 278, 283 (4th Cir. 2012) (internal quotation marks omitted). When the court's opinion "instructs or permits reconsideration of sentencing issues on remand, the district court may consider the issue de novo, entertaining any relevant evidence on that issue that it could have heard at the first hearing." <u>United States v. Alston</u>, 722 F.3d 603, 606-07 (4th Cir.) (internal quotation marks omitted), <u>cert. denied</u>, 134 S. Ct. 808 (2013).

Here, the remand opinion vacated the sentence in its entirety and remanded for "resentencing in accord with this opinion." <u>United States v. Baker</u>, 539 F. App'x 299, 306 (4th Cir. 2013) (No. 12-5025). The opinion expressly contemplated

4

that the district court should make factual findings regarding the Government's suggested applicable quantities, including whether an increased amount for Dowdy was appropriate, on remand. Id. at 302. The district court's finding was therefore fully within the scope of the remand opinion.

Accordingly, we affirm the sentence. We deny Baker's motions to file a pro se supplemental brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED