**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4505**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BENJAMIN CORNELIUS BLUE,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., District Judge. (1:15-cr-00223-WO-1)

Submitted: February 26, 2019                    Decided: March 6, 2019

Before GREGORY, Chief Judge, and FLOYD and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Brian Michael Aus, Durham, North Carolina, for Appellant. Kyle David Pousson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Benjamin Cornelius Blue pled guilty to armed bank robbery, in violation of 18 U.S.C. § 2113(a), (d) (2012), and brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (2012). The district court initially sentenced Blue to an aggregate sentence of 272 months' imprisonment. On appeal, Blue argued that his sentence was procedurally and substantively unreasonable. We vacated Blue's sentence and remanded for resentencing, concluding that the district court failed to address Blue's nonfrivolous arguments for a sentence below the Sentencing Guidelines range. *United States v. Blue*, 877 F.3d 513, 517-22 (4th Cir. 2017).

On remand, the district court imposed an aggregate sentence of 228 months' imprisonment. Blue has again appealed. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), conceding that there are no meritorious grounds for appeal but questioning whether the district court erred in sentencing Blue as a career offender and applying an enhancement under U.S. Sentencing Guidelines Manual § 2B3.1(b)(4)(B) (2015). Although notified of his right to do so, Blue has not filed a pro se supplemental brief. We affirm the district court's judgment.

As an initial matter, we note that our review is circumscribed by the mandate rule. "The mandate rule is a specific application of the law of the case doctrine that prohibits a lower court from reconsidering on remand issues laid to rest by a mandate of the higher court." *United States v. Alston*, 722 F.3d 603, 606 (4th Cir. 2013) (internal quotation marks omitted). The mandate rule "forecloses relitigation of issues expressly or impliedly decided by the appellate court," as well as "issues decided by the district court

2

but foregone on appeal or otherwise waived." *United States v. Susi*, 674 F.3d 278, 283 (4th Cir. 2012). The district court is bound to "implement both the letter and spirit of the mandate, taking into account our opinion and the circumstances it embraces." *United States v. Pileggi*, 703 F.3d 675, 679 (4th Cir. 2013) (alterations and internal quotation marks omitted). We review the district court's interpretation of the appellate mandate de novo. *Id.*

While we would normally review the plea hearing to determine if the district court complied with Fed. R. Crim. P. 11 and if Blue's plea was knowing and voluntary, Blue failed to challenge his plea in the last appeal. Thus, we vacated only his sentence. *Blue*, 877 F.3d at 522. Similarly, Blue could have challenged his career offender designation in the first appeal; indeed, we noted that Blue conceded that the district court correctly calculated his Guidelines range. *Id.* at 518 n.1. Accordingly, our review of these issues is foreclosed by the mandate rule.

We further conclude that any error in applying the USSG § 2B3.1(b)(4)(B) enhancement is harmless.[*] *See* Fed. R. Crim. P. 52(a) ("Any error . . . that does not affect substantial rights must be disregarded."). "A sentencing error is harmless if the resulting sentence was not longer than that to which the defendant would otherwise be subject." *United States v. Hargrove*, 701 F.3d 156, 161 (4th Cir. 2012) (brackets and internal quotation marks omitted). Blue's Guidelines range was calculated under the career

---

[*] Our review of this issue is not foreclosed by the mandate rule because the district court did not apply this enhancement at the initial sentencing hearing.

offender Guidelines, and the USSG § 2B3.1(b)(4)(B) enhancement did not increase his offense level. *See United States v. Dowell*, 771 F.3d 162, 175-76 (4th Cir. 2014) (concluding Guidelines error was harmless because it did not increase defendant's Guidelines range). Moreover, the district court used the career offender Guidelines as the starting point in calculating its downward departure and variance. Therefore, we conclude that any error in applying the enhancement was harmless.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for review. We therefore affirm the district court's judgment. This court requires that counsel inform Blue, in writing, of the right to petition the Supreme Court of the United States for further review. If Blue requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Blue.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4