**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-6657**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

TORRANCE JONES, a/k/a Tube,

          Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, Chief District Judge. (5:96-cr-00079-BO-1)

Submitted: March 26, 2019                            Decided: April 24, 2019

Before AGEE and KEENAN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

William M. Norris, WILLIAM M. NORRIS, P.A., Miami, Florida, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Torrance Jones appeals from the district court's order denying relief on Jones' 18 U.S.C. § 3582(c)(2) (2012) motion for reduction of his sentence under Amendment 782 to the Sentencing Guidelines. The district court ruled that it implicitly found at Jones' initial sentencing that that Jones was accountable for 26.3 kilograms of crack cocaine. It is undisputed that, if indeed Jones was accountable for 26.3 kilograms of crack cocaine, he was ineligible for a reduction of his sentence because Amendment 782 did not lower his Guidelines range. On appeal, Jones challenges the district court's ruling on the applicable drug amount. We affirm.

In a § 3582 proceeding, we review "factual determinations, including the attributable drug quantity, for clear error." *United States v. Peters*, 843 F.3d 572, 577 (4th Cir. 2016). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985). A reviewing court cannot reverse the finding of the trier of fact simply because it is convinced that it would have decided the case differently. In fact, a reviewing court "oversteps the bounds of its duty . . . if it undertakes to duplicate the role of the lower court." *Id.* "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Id.* at 574. Further, this is so even when the district court's findings are based on inferences from other facts. *Id.*

Moreover, in this case, the doctrine of the law of the case is also relevant. "The mandate rule is a specific application of the law of the case doctrine that prohibits a lower

court from reconsidering on remand issues laid to rest by a mandate of the higher court." *United States v. Alston*, 722 F.3d 603, 606 (4th Cir. 2013) (internal quotation marks omitted). The mandate rule "forecloses relitigation of issues expressly or impliedly decided by the appellate court," as well as "issues decided by the district court but foregone on appeal or otherwise waived." *United States v. Susi*, 674 F.3d 278, 283 (4th Cir. 2012). The district court is bound to "implement both the letter and spirit of the mandate, taking into account [this court's] opinion and the circumstances it embraces." *United States v. Pileggi*, 703 F.3d 675, 679 (4th Cir. 2013) (alterations and internal quotation marks omitted).

Here, the district court and this court decided, in Jones' previous § 3582 proceeding, that the district court adopted the findings in the PSR at Jones' original sentencing and implicitly found Jones responsible for 26.3 kilograms of crack cocaine. Thus, Jones is barred under the "law of the case" doctrine from challenging this ruling in the instant § 3582 proceeding. In addition, even if the district court's determination that Jones was responsible for 26.3 kilograms of crack cocaine was a "new" ruling by the district court, we find that it is not clearly erroneous.

Jones also presents new evidence challenging the accuracy of a coconspirator's statement used in calculation of the applicable drug quantity. However, § 3582 is not the appropriate proceeding in which to challenge sentencing findings based on new evidence. Instead, Jones should raise his new evidence in a collateral proceeding.

Finally, Jones asserts that he is entitled to relief under the First Step Act. To seek retroactive application of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat.

3

2372, under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), a motion may be filed in the sentencing court under Section 404 of the First Step Act. We express no opinion as to the merits of any such motion or any collateral action.

Based upon the foregoing, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*