**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4185**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

LARRY DEAN VAUGHN, JR.,

                Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Anderson. Bruce H. Hendricks, District Judge. (8:09-cr-00176-BHH-1)

Submitted: December 4, 2020              Decided: December 17, 2020

Before DIAZ, FLOYD, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Benjamin T. Stepp, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenville, South Carolina, for Appellant. Peter M. McCoy, Jr., United States Attorney, Johanna C. Valenzuela, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Larry Dean Vaughn, Jr., appeals from the district court's judgment revoking his supervised release, sentencing him to 8 months' imprisonment, and imposing an additional 18 months of supervised release, which included an order for Vaughn to complete inpatient drug treatment. Vaughn's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Vaughn's sentence is unreasonable. Vaughn filed a pro se brief, appearing to contend that his sentence is substantively unreasonable. We ordered supplemental briefing on two issues: whether the district court violated *Tapia v. United States*, 564 U.S. 319 (2011), and its progeny and whether the district court adequately addressed Vaughn's nonfrivolous arguments for a time served sentence of imprisonment. We now affirm the district court's judgment.

When formulating a sentence, 18 U.S.C. § 3582(a) "precludes sentencing courts from imposing or lengthening a prison term to promote an offender's rehabilitation." *Tapia*, 564 U.S. at 332; *see United States v. Bennett*, 698 F.3d 194, 198-99 (4th Cir. 2012) (holding *Tapia* applies to resentencing on revocation of supervised release). Accordingly, it is error for a district court to impose a longer sentence than it otherwise would have for the purpose of ensuring the defendant's eligibility for a rehabilitation program while incarcerated. *Tapia*, 564 U.S. at 321, 333-35. However, a district court is not prohibited from considering a defendant's rehabilitative needs or making treatment recommendations during sentencing, so long as those needs are not the driving force in determining the length of the sentence. *See United States v. Alston*, 722 F.3d 603, 608-09 (4th Cir. 2013); *Bennett*,

2

698 F.3d at 198-99. Accordingly, for a *Tapia* claim to succeed, the sentencing court's reference to the defendant's rehabilitative needs must be "causally related" to the court's sentencing determination. *See United States v. Lemon*, 777 F.3d 170, 174 (4th Cir. 2015) (emphasis omitted).

Because Vaughn did not object to his sentence on this basis before the district court, we review this challenge for plain error. *See id.* at 172. To demonstrate plain error, a defendant must show "(1) that the district court erred; (2) that the error was plain; and (3) that the error affected his substantial rights, meaning that it affected the outcome of the district court proceedings." *Bennett*, 698 F.3d at 200 (brackets and internal quotation marks omitted). Even where a defendant satisfies these requirements, we need only correct the error if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016) (internal quotation marks omitted).

Here, although the district court commented that it wanted Vaughn to serve his sentence of imprisonment before beginning the inpatient drug treatment, and remarked that it did not want him released from custody until placement in a treatment center was secured, we conclude that the district court did not impose a sentence of imprisonment or extend it merely for the purpose of rehabilitation. Additionally, even assuming that the district court erred, we would decline to exercise our discretion to correct the error because it does not affect the fairness of the underlying judicial proceeding. Vaughn requested that the court order inpatient drug treatment, and the district court imposed a sentence at the low-end of the advisory policy statement range.

Turning to the explanation of the sentence, "a district court, when imposing a revocation sentence, must address the parties' nonfrivolous arguments in favor of a particular sentence, and if the court rejects those arguments, it must explain why in a detailed-enough manner that this Court can meaningfully consider the procedural reasonableness of the revocation sentence imposed." *United States v. Slappy*, 872 F.3d 202, 208 (4th Cir. 2017). An explanation is sufficient if we can determine "that the sentencing court considered the applicable sentencing factors with regard to the particular defendant before it and also considered any potentially meritorious arguments raised by the parties with regard to sentencing." *United States v. Gibbs*, 897 F.3d 199, 204 (4th Cir. 2018) (brackets and internal quotation marks omitted). "[W]here a court entirely fails to mention a party's nonfrivolous arguments in favor of a particular sentence, or where the court fails to provide at least some reason why those arguments are unpersuasive, even the relaxed requirements for revocation sentences are not satisfied." *Slappy*, 872 F.3d at 209.

We conclude that the district court's explanation in this case was sufficient. Vaughn's primary argument for a lesser sentence was his addiction and need for inpatient drug treatment. The district court accepted this argument, ordered the requested inpatient treatment, but then imposed a within-policy statement range term of imprisonment. The district court appeared to believe that Vaughn needed more structure and the court's colloquy with counsel indicated that it was well aware of counsel's arguments and was engaged with the arguments. Additionally, the court's comments that it had considered cutting Vaughn loose indicate that counsel's presentation changed the court's sentencing calculus. *See Slappy*, 872 F.3d at 210 (holding that district court's explanation must be

4

enough "to assure this Court that it considered the parties' arguments and had some basis for choosing the imposed sentence").

Moreover, even if the district court's explanation was insufficient, any error was harmless. In *Slappy,* we found a procedural error was not harmless where "[t]he record indicates that the court neither considered [defendant]'s arguments in favor of a within-range sentence nor contemplated imposing anything other than the statutory maximum sentence." Id. By contrast, here, the district court considered Vaughn's strongest argument for a lesser sentence and rejected it, but accepted Vaughn's request for inpatient treatment. Thus, remanding for the district court to consider Vaughn's secondary arguments would not change the result in this case.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no other meritorious issues for appeal. Accordingly, we affirm the district court's judgment. This court requires that counsel inform Vaughn, in writing, of the right to petition the Supreme Court of the United States for further review. If Vaughn requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Vaughn.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*