**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 22-4743**

—————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

UWEM NSE OBONG, a/k/a Uwemedimo Bong, a/k/a Ernest Obong,

        Defendant - Appellant.

—————————

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Leonie M. Brinkema, District Judge.  (1:19-cr-00249-LMB-1)

—————————

Submitted:  July 25, 2023                    Decided:  July 27, 2023

—————————

Before WYNN and HEYTENS, Circuit Judges, and FLOYD, Senior Circuit Judge.

—————————

Affirmed by unpublished per curiam opinion.

—————————

**ON BRIEF:**  Geremy C. Kamens, Federal Public Defender, Frances H. Pratt, Cadence A. Mertz, Assistant Federal Public Defenders, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant.  Jessica D. Aber, United States Attorney, Aidan Taft Grano-Mickelsen, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Uwem Nse Obong appeals the district court's judgment revoking his supervised release and sentencing him to 12 months' imprisonment followed by two years of supervised release. On appeal, Obong argues that the district court imposed a plainly unreasonable sentence by impermissibly basing his term of imprisonment on his need for mental health treatment. Finding no reversible error, we affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020). "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (internal quotation marks omitted). To determine whether a revocation sentence is plainly unreasonable, we first determine whether the sentence is procedurally or substantively unreasonable, evaluating "the same procedural and substantive considerations that guide our review of original sentences" but taking "a more deferential appellate posture than we do when reviewing original sentences." *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (cleaned up).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *United States v. Coston*, 964 F.3d 289, 297 (4th Cir. 2020) (internal quotation marks omitted); *see* 18 U.S.C. § 3583(e) (listing sentencing factors applicable to revocation proceedings). "A revocation sentence is substantively reasonable if, in light of the totality of the

2

circumstances, the court states an appropriate basis for concluding that the defendant should receive the sentence imposed." *Coston*, 964 F.3d at 297 (internal quotation marks omitted).

Because Obong did not specifically object in the district court to the court's consideration of his rehabilitative needs in imposing his sentence or determining its length, our review of the issue is for plain error.* *See United States v. Lemon*, 777 F.3d 170, 172 (4th Cir. 2015) (reviewing unpreserved *Tapia* challenge to revocation sentence for plain error because "the issue was not raised as the revocation hearing"); *see also United States v. Fowler*, 948 F.3d 663, 669 (4th Cir. 2020) ("When a defendant argues for the first time on appeal that a district judge erred by considering an improper factor during sentencing, we review for plain error." (internal quotation marks omitted)).  To demonstrate plain error, a defendant must show "(1) that the district court erred; (2) that the error was plain; and (3) that the error affected his substantial rights, meaning that it affected the outcome of the district court proceedings." *United States v. Bennett*, 698 F.3d 194, 200 (4th Cir. 2012) (cleaned up).  Even where a defendant satisfies these requirements, we will exercise our discretion to correct the error only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Molina-Martinez v. United States*, 578 U.S. 189, 194 (2016) (internal quotation marks omitted).

---

* Even applying the more generous plainly unreasonable standard of review, our determination of whether there was sentencing error would remain the same.

3

Turning to the substance of Obong's challenge to his revocation sentence, 18 U.S.C. § 3582(a) "precludes sentencing courts from imposing or lengthening a prison term to promote an offender's rehabilitation." *Tapia v. United States*, 564 U.S. 319, 332 (2011); *see Bennett*, 698 F.3d at 198-99 (holding that *Tapia* applies to sentencing upon revocation of supervised release). However, a district court is not prohibited from considering a defendant's rehabilitative needs or making treatment recommendations during sentencing, so long as those needs do not influence the fact or extend the length of the term of imprisonment. *See Tapia*, 564 U.S. at 334; *United States v. Alston*, 722 F.3d 603, 608-09 (4th Cir. 2013); *Bennett*, 698 F.3d at 198-99. For a *Tapia* claim to succeed, the sentencing court's reference to the defendant's rehabilitative needs must be "causally related" to the court's sentencing determination. *See Lemon*, 777 F.3d at 174 (emphasis omitted); *see also id.* (observing that it is "unlikely that a court has committed *Tapia* error unless it has considered rehabilitation for the specific purpose of imposing or lengthening a prison sentence").

We conclude that Obong falls short of establishing plain error under *Tapia*. At bottom, "*Tapia* stands for the proposition that a court cannot *impose* or *lengthen* a sentence to ensure that a defendant can complete a training or rehabilitation program." *Alston*, 722 F.3d at 609. Here, the district court based its decision to impose a prison term not on rehabilitative considerations, but because of the danger Obong posed to the community. Nor did the court tie the prison term to any particular treatment program or indicate an expectation that Obong would complete a treatment program during his incarceration.

4

Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*