**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4136

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROBERTO HERNANDEZ-ALDAMA, a/k/a Carlos Aldama, a/k/a Milton Ballardo-Ulvera, a/k/a Abel Camps, a/k/a Yonny Campos, a/k/a Felix Garcia-Agosto, a/k/a Jesus Gonzalez, a/k/a Robert Hernandez, a/k/a Carlos Mesa, a/k/a Roberto Olvera, a/k/a Milton Ulvera,

Defendant - Appellant.

No. 23-4140

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROBERTO HERNANDEZ-ALDAMA, a/k/a Feliz Junior Agosto-Garcia,

Defendant - Appellant.

Appeals from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Terrence W. Boyle, District Judge.  (7:18-cr-00124-BO-1; 7:18-cr-00123-BO-3)

———————————

Submitted: February 3, 2025                    Decided: February 25, 2025

———————————

Before AGEE and THACKER, Circuit Judges, and KEENAN, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

**ON BRIEF:**  Jorgelina E. Araneda, ARANEDA & STROUD LAW GROUP, Raleigh, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Jaren E. Kelly, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Roberto Hernandez-Aldama pled guilty to two separate indictments: one charged him with illegal reentry of an alien removed subsequent to a felony conviction, in violation of 8 U.S.C. § 1326(a)(1), (b)(1), and the other charged him with conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846. During the initial sentencing hearing, the district court overruled Hernandez-Aldama's objections to the drug weight attributed to him and to his criminal history score and sentenced him to 120 months' imprisonment for the illegal reentry conviction and to 180 months' imprisonment for the drug trafficking conspiracy conviction, with the sentences running concurrently.

In his first appeal, Hernandez-Aldama challenged the procedural reasonableness of his sentence, arguing that the district court erred in its calculation of the drug weight and by failing to explain its sentence and the reasons for rejecting his arguments in support of a lesser sentence. We agreed with the district court's resolution of the drug weight issue but concluded that the district court's explanation was deficient. As for the remedy, we rejected the Government's proposal that we remand solely for the district court to provide a more thorough explanation. Instead, consistent with our precedent, we vacated Hernandez-Aldama's sentence and remanded for resentencing.

During the resentencing hearing, Hernandez-Aldama resurrected his challenges to his criminal history score, including his argument that he should not be assigned two points under U.S. Sentencing Guidelines Manual § 4A1.1(d) (2018) for committing his illegal reentry offense while under a criminal justice sentence. In response, the Government

3

misrepresented our opinion, stating that we had "overruled" all of Hernandez-Aldama's objections to the Guidelines and remanded "solely" for a more thorough explanation. The district court accepted the Government's interpretation and concluded that its prior rulings on Hernandez-Aldama's objections to his criminal history score were binding. After listening to the parties' arguments regarding the appropriate sentence in light of the 18 U.S.C. § 3553(a) factors and to Hernandez-Aldama's allocution, the district court sentenced Hernandez-Aldama to 120 months' imprisonment for the illegal reentry conviction and to 170 months' imprisonment for the drug trafficking conspiracy conviction, with the sentences running concurrently.

In these consolidated appeals, Hernandez-Aldama argues that his sentence is procedurally unreasonable because the district court improperly added two points to his criminal history score under § 4A1.1(d) and that he may raise this argument now because we remanded for a full resentencing hearing. The Government responds that Hernandez-Aldama waived this argument by failing to raise it in his first appeal. Alternatively, the Government contends that the district court did not err by adding two points under § 4A1.1(d) and that, in any event, any error was harmless.

"We review a district court's interpretation of the mandate rule de novo." *United States v. Alston*, 722 F.3d 603, 606 (4th Cir. 2013). The mandate "rule operates as a specific application of the law of the case doctrine," "govern[ing] what issues the lower court is permitted to consider on remand." *United States v. Cannady*, 63 F.4th 259, 266 (4th Cir. 2023) (internal quotation marks omitted). Subject to exceptions not relevant here, *see id.* at 267, the mandate rule requires the lower court "to carry the mandate of the upper

4

court into execution" and "bars [the] lower court from considering the questions which the mandate laid at rest," *United States v. Ventura*, 864 F.3d 301, 308 (4th Cir. 2017) (alteration and internal quotation marks omitted). Additionally, "[t]he lower court . . . may not rehash issues that it previously decided but were abandoned on appeal or otherwise waived." *Cannady*, 63 F.4th at 266 (internal quotation marks omitted).

"But if [our] mandate instructs or permits reconsideration of sentencing issues on remand, the district court may consider the issue de novo, entertaining any relevant evidence on that issue that it could have heard at the first hearing." *Id.* at 266-67 (internal quotation marks omitted). Accordingly, "when an appellate court sets aside a defendant's entire sentence and remands for a de novo resentencing pursuant to a general mandate, the district court on resentencing is not bound by its prior consideration of the case." *Alston*, 722 F.3d at 607 (alteration and internal quotation marks omitted).

Contrary to the Government's representation to the district court, we did not remand solely for a more thorough explanation for the sentence but vacated Hernandez-Aldama's entire sentence and remanded for a de novo resentencing. In fact, we explicitly declined the Government's proposal to remand solely for the district court to provide reasons for the sentence and for rejecting Hernandez-Aldama's arguments for a lesser sentence. Nevertheless, we conclude that any error in the district court's understanding of the scope of its discretion during the resentencing hearing was harmless. *See United States v. Susi*, 674 F.3d 278, 283-85 (4th Cir. 2012) (reviewing district court's interpretation of mandate for harmlessness). We vacated Hernandez-Aldama's sentence and remanded for resentencing because the district court's explanation for his sentence was deficient, and

reconsideration of his criminal history score was not necessary to correct that deficiency or to effectuate the district court's original sentencing intent. *See id.*at 285 (explaining that "[t]he error requiring resentencing was unrelated to the Sentencing Guidelines calculation, and the § 3553(a) assessment is a separate part of the sentencing process, occurring after the Guidelines range is established").

In any event, we agree with the Government that any error in the district court's application of the two points under § 4A1.1(d) was harmless. The district court calculated a criminal history score of 12 after adding two points under § 4A1.1(d) to the 10 points for Hernandez-Aldama's prior sentences. The Guidelines prescribe a criminal history category of V for offenders with 12 criminal history points, but the Guidelines also prescribe a criminal history category of V for offenders with 10 criminal history points. *See* USSG ch. 5, pt. A (sentencing table). Accordingly, subtracting two points from Hernandez-Aldama's criminal history score would result in the same criminal history category, rendering any error harmless. *See United States v. Martin*, 378 F.3d 353, 359 (4th Cir. 2004) (concluding that district court incorrectly calculated defendant's criminal history score but that "error was harmless" because "offenders with four or five criminal history points are both classified as Category III offenders, leaving the applicable guideline range unchanged" (citation omitted)).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*