**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-4350

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOHN DEVERE BATTLE, a/k/a Gotti,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:17-cr-00111-FL-1)

Submitted:  April 29, 2026                                Decided:  June 8, 2026

Before KING, QUATTLEBAUM, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Anne M. Hayes, Cary, North Carolina, for Appellant.  Lucy Partain Brown, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In May 2018, a jury convicted John Devere Battle of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Count 1); two counts of Hobbs Act robbery and aiding and abetting the same, in violation of 18 U.S.C. §§ 2, 1951(a) (Counts 2 and 4); carjacking and aiding and abetting the same, in violation of 18 U.S.C. §§ 2, 2119(1) (Count 6); bank robbery and aiding and abetting the same, in violation of 18 U.S.C. §§ 2, 2113 (Count 8); four counts of brandishing a firearm in furtherance of a crime of violence and aiding and abetting the same, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A)(ii) (Counts 3, 5, 7, and 9); and two counts of possession of firearms and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Counts 10 and 11).  The charges arose from a crime spree committed by Battle and his five codefendants in Cary, North Carolina.

At the original sentencing hearing, the district court imposed concurrent sentences of 240 months' imprisonment for the Hobbs Act conspiracy (Count 1), the Hobbs Act robberies (Counts 2 and 4), and the bank robbery (Count 8); a concurrent sentence of 180 months' imprisonment for the carjacking (Count 6); a concurrent sentence of 120 months' imprisonment for one of the firearm possession offenses (Count 10); and a consecutive sentence of 52 months' imprisonment for the other firearm possession offense (Count 11). This yielded a total sentence of 292 months' imprisonment for Counts 1, 2, 4, 6, 8, 10, and 11, which was at the bottom of Battle's Sentencing Guidelines range.  The court then imposed the statutorily mandated consecutive sentence of 84 months' (or 7 years') imprisonment for Battle's first § 924(c) conviction (Count 3) and the statutorily mandated

2

consecutive sentences of 300 months' (or 25 years') imprisonment for Battle's subsequent § 924(c) convictions (Counts 5, 7, and 9). *See* 18 U.S.C. § 924(c)(1)(A)(ii), (C)(i) (2012). This yielded a total sentence for all counts of 1,276 months' imprisonment.

Relevant here, the district court also ordered Battle to pay restitution in the amount of $35,791 and found that he was jointly and severally liable for that amount with his codefendants to varying degrees. The court waived interest.

We affirmed Battle's convictions but vacated his sentence and remanded because the written judgment included discretionary conditions of supervised release that were not announced at sentencing, in violation of *United States v. Rogers*, 961 F.3d 291, 296-99 (4th Cir. 2020). The remedy for this *Rogers* error was a full resentencing hearing. *See United States v. Singletary*, 984 F.3d 341, 346 & n.4 (4th Cir. 2021).

At the resentencing hearing in December 2023, the Government advised the district court that the statutory penalties for Battle's § 924(c) convictions had decreased since the passage of the First Step Act of 2018 ("First Step Act"), Pub. L. No. 115-391, 132 Stat. 5194. Specifically, § 403 of the First Step Act eliminated the stacking of enhanced mandatory minimum sentences for multiple § 924(c) convictions arising from the same indictment. *See* First Step Act, § 403, 132 Stat. at 5221-22. Thus, Battle was now subject to a consecutive sentence of 84 months' imprisonment for all four of the firearm brandishing convictions instead of 84 months for the first and 300 months for the next three. *See* 18 U.S.C. § 924(c)(1)(A)(ii) (2018). For the remaining convictions, the Government asked the court to impose the same 292-month total sentence, and Battle asked for a downward variance based in part on his postsentencing rehabilitation.

The district court imposed concurrent sentences of 240 months' imprisonment for the Hobbs Act conspiracy (Count 1), the Hobbs Act robberies (Counts 2 and 4), the carjacking (Count 6), the bank robbery (Count 8), and one of the firearm possession offenses (Count 10). The court then imposed a concurrent sentence of 54 months' imprisonment for the remaining firearm possession offense (Count 11). Finally, the court imposed the statutorily mandated consecutive sentences of 84 months' imprisonment for each of the firearm brandishing offenses (Counts 3, 5, 7, and 9). *See* 18 U.S.C. § 924(c)(1)(A)(ii) (2018). This yielded a total sentence of 576 months' imprisonment. The amended judgment correctly listed these sentences apart from Count 11: instead of reflecting the court's oral pronouncement of 54 months' imprisonment, the amended judgment stated that the sentence for Count 11 was 240 months' imprisonment, concurrent to the 240 months' imprisonment for Counts 1, 2, 4, 6, 8, and 10.

Regarding restitution, the district court ordered Battle to pay $35,791. But this time, the court did not waive interest and did not indicate that Battle was jointly and severally liable for the restitution.

On appeal, Battle argued that the district court plainly erred by imposing a sentence of 240 months' imprisonment for Counts 6, 10, and 11 because those sentences exceeded the statutory maximums for those offenses. The statutory maximum for Count 6 (carjacking) was 180 months' (or 15 years') imprisonment, 18 U.S.C. § 2119(1), and the statutory maximum for Counts 10 and 11 (possession of firearms) was 120 months' (or 10

4

years') imprisonment, 18 U.S.C. § 924(a)(2) (2018).[1]  The Government agreed that the court's error was plain but argued that Battle could not establish the other two prongs of plain-error review.  *See United States v. McCabe*, 103 F.4th 259, 279 (4th Cir.) (describing plain-error review), *cert. denied*, 145 S. Ct. 399 (2024).  The Government, however, did not oppose a limited remand for correction of the sentences for Counts 6, 10, and 11.  Accordingly, the parties filed a joint motion for a limited remand.  We granted the motion, vacated the amended judgment, and remanded Battle's "case to the district court for the limited purpose of entering a second amended judgment that corrects the sentences on counts 6, 10 and 11 to be within the applicable statutory penalty range." *United States v. Battle*, No. 24-4003 (4th Cir. May 15, 2024) (unpublished order).

On remand, the district court entered a second amended judgment without conducting another resentencing hearing.  The second amended judgment imposed the following sentences: 240 months' imprisonment for the Hobbs Act conspiracy (Counts 1), the Hobbs Act robberies (Counts 2 and 4), and the bank robbery (Count 8), to be run concurrently; 180 months' imprisonment for the carjacking (Count 6), to be run concurrently; 120 months' imprisonment for the possession of firearms offenses (Counts 10 and 11), to be run concurrently; and 84 months' imprisonment for the firearm brandishing convictions (Counts 3, 5, 7, and 9), to be run consecutively to each other and

---

[1] Section 924(a)(2) has since been amended and no longer provides the maximum penalty for § 922(g)(1) convictions for defendants, like Battle, who are not armed career criminals.  *See* Bipartisan Safer Communities Act, Pub. L. No. 117-159, § 12004(c), 136 Stat. 1313, 1329 (2022).  The new 15-year statutory maximum is set forth in 18 U.S.C. § 924(a)(8) (2024).

5

to all other counts.  This yielded a total sentence of 576 months' imprisonment.  Like the first amended judgment, the second amended judgment ordered Battle to pay $35,791 in restitution and said nothing about joint and several liability or interest.

On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether: (1) the district court erred when it failed to specify that Battle was jointly and severally liable for the restitution and that interest was waived; and (2) the district court erred by imposing new sentences on Counts 6, 10, and 11 without conducting another resentencing hearing.  Counsel, however, concedes that Battle is foreclosed from raising these arguments under the mandate rule.  Battle was advised of his right to file a pro se supplemental brief, but he has not done so.  We affirm.

"We review a district court's interpretation of the mandate rule de novo."  *United States v. Alston*, 722 F.3d 603, 606 (4th Cir. 2013).  The mandate "rule operates as a specific application of the law of the case doctrine," "govern[ing] what issues the lower court is permitted to consider on remand."  *United States v. Cannady*, 63 F.4th 259, 266 (4th Cir. 2023) (internal quotation marks omitted).  Subject to exceptions not relevant here, the mandate rule requires the lower court "to carry the mandate of the upper court into execution" and "bars [the] lower court from considering the questions which the mandate laid at rest."  *United States v. Ventura*, 864 F.3d 301, 308 (4th Cir. 2017) (citation modified).  Additionally, "[t]he lower court . . . may not rehash issues that it previously decided but were abandoned on appeal or otherwise waived."  *Cannady*, 63 F.4th at 266 (internal quotation marks omitted).  We have similarly recognized that, "where an

6

argument could have been raised on an initial appeal, it is inappropriate to consider that argument on a second appeal following remand." *Omni Outdoor Advert., Inc. v. Columbia Outdoor Advert., Inc.*, 974 F.2d 502, 505 (4th Cir. 1992) (internal quotation marks omitted).

Here, our remand order was limited: we directed the district court to enter a second amended judgment correcting the sentences for Counts 6, 10, and 11, so that they were within the applicable statutory penalty range. Thus, even if the parties had asked the district court to revive the restitution provisions in the original judgment, it would have lacked the authority to do so. Furthermore, because Battle could have—but did not—challenge the restitution order in his appeal from the first amended judgment, he is foreclosed from doing so now. *See United States v. Pileggi*, 703 F.3d 675, 680 (4th Cir. 2013) (holding "that the mandate rule barred the district court from reconsidering the restitution order on remand" when neither party challenged the restitution order in defendant's first appeal and the remand was limited to reconsideration of custodial sentence).

As for the custodial sentences for Counts 6, 10, and 11, we did not vacate those sentences and remand for a de novo resentencing. Instead, we directed the district court to correct the sentences for those counts, which is the relief the parties requested. The district court complied by entering a second amended judgment reducing the penalties for Counts 6, 10, and 11 to the statutory maximums. Because the district court complied with our mandate, we conclude that Battle's argument that the district court was required to hold another resentencing hearing on remand is without merit.

7

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the second amended judgment. This court requires that counsel inform Battle, in writing, of the right to petition the Supreme Court of the United States for further review. If Battle requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.[2] Counsel's motion must state that a copy thereof was served on Battle.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[2] We deny Battle's pro se motion for withdrawal of counsel.

8