**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 22-4155**

───────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

CRUZ COSTILLA ABNEY,

        Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Terrence W. Boyle, District Judge.  (7:19-cr-00135-BO-1)

───────────────

Submitted:  June 20, 2023                    Decided:  August 30, 2023

───────────────

Before WYNN and RUSHING, Circuit Judges, and KEENAN, Senior Circuit Judge.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

**ON BRIEF**:  Jorgelina E. Araneda, ARANEDA LAW FIRM, Raleigh, North Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cruz Costilla Abney pleaded guilty, pursuant to a written plea agreement, to distribution of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and maintaining a premises for the purpose of manufacturing, distributing, and using cocaine base, in violation of 21 U.S.C. §§ 856(a)(1), (b).  On Abney's initial direct appeal, we remanded the case to the district court for resentencing.  *United States v. Abney*, No. 20-4503 (4th Cir. Mar. 22, 2021) (unpublished order).  Abney now seeks to appeal from the district court's denial, on remand, of his motion to withdraw his guilty plea and the 120-month sentence imposed by the district court on resentencing.  Abney's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), questioning whether the district court erred in denying Abney's motion to withdraw his guilty plea prior to resentencing and whether Abney's below-Guidelines sentence is reasonable.  Abney has filed a pro se supplemental brief arguing that the district court erred in denying his motion to withdraw his guilty plea because the court did not ensure that Abney understood he was waiving his right to appeal.  The Government has moved to dismiss the appeal as barred by Abney's waiver of the right to appeal included in the plea agreement, and Abney opposes.  For the following reasons, we deny the Government's motion but affirm the judgment of the district court.

Turning first to Abney's challenge to the district court's denial of his motion to withdraw his guilty plea, we conclude that the district court did not err when it held that such a challenge to Abney's conviction was barred by the mandate rule.  "The mandate rule is a specific application of the law of the case doctrine that prohibits a lower court

2

from reconsidering on remand issues laid to rest by a mandate of the higher court." *United States v. Alston*, 722 F.3d 603, 606 (4th Cir. 2013) (internal quotation marks and citation omitted). When a party fails to present an issue in an initial appeal, it may not use the occasion "of a remand to raise an issue that it could just as well have raised in the first appeal." *Edd Potter Coal Co. v. Dir., Off. of Workers' Comp. Programs*, 39 F.4th 202, 210 (4th Cir. 2022) (cleaned up). Accordingly, "any issue that could have been but was not raised on appeal is waived and thus not remanded." *Id.* (internal quotation marks and citation omitted); *see also United States v. Bell*, 5 F.3d 64, 66 (4th Cir. 1993).

In his prior appeal, Abney filed a merits brief in which he challenged only the district court's pronouncement of the discretionary conditions of supervised release that it imposed in the written judgment. Accordingly, when Abney's sentence was vacated and his case remanded for resentencing based on the sole issue raised in his opening brief, this effectively laid to rest any challenge to Abney's conviction. Consequently, we conclude that the district court properly denied pursuant to the mandate rule Abney's motion to withdraw his guilty plea.

However, in light of our remand for resentencing, the entirety of Abney's sentence properly falls within the scope of this appeal. *United States v. Ventura*, 864 F.3d 301, 308-09 (4th Cir. 2017). Therefore, we must still decide whether Abney validly waived the right to appeal his sentence in the plea agreement.

"We review an appellate waiver de novo to determine whether the waiver is enforceable" and "will enforce the waiver if it is valid and if the issue being appealed falls within the scope of the waiver." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir.

2021) (internal quotation marks and citation omitted).  An appellate waiver is valid if the defendant enters it "knowingly and intelligently, a determination that we make by considering the totality of the circumstances."  *Id*.  "Generally though, if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P. 11] colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid."  *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks and citation omitted).

Under the totality of the circumstances presented here, Abney did not knowingly and intelligently waive his appellate rights.  Although the district court noted during the plea hearing that Abney's plea agreement contained an appeal waiver, the court did not correctly state the details of this waiver.  Additionally, the court never asked Abney to confirm that he understood the waiver or the other terms of the agreement.  Importantly, after the court briefly mentioned the waiver provision, Abney replied, "[s]ay that again," indicating that he either did not hear or did not understand the court's mention of the waiver.  However, the court never repeated its explanation of the waiver provision. Additionally, the record suggests that Abney had difficulty hearing other portions of the plea proceedings, stating at one point, "the phone [connection] is bad" and noting that there was "static going in and out."  Finally, the court never asked Abney whether he had reviewed the plea agreement or specifically asked whether he understood to what he had agreed.  Accordingly, we deny the Government's motion to dismiss pursuant to this appeal waiver, and we turn to Abney's arguments regarding the reasonableness of his sentence.

4

We typically review a sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). In reviewing a sentence for procedural reasonableness, we "ensure that the district court committed no significant procedural error." *Id*. at 51. When imposing a sentence, the district court "must make an individualized assessment based on the facts presented," state in open court the reasons supporting its chosen sentence, and "address the parties' nonfrivolous arguments in favor of a particular sentence" and, if it rejects them, explain why in a manner allowing for meaningful appellate review. *United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019) (internal quotation marks omitted).

Here, the district court provided little explanation of the sentence it imposed, leaving us to "guess at the district court's rationale, searching the record for statements by the Government or defense counsel or for any other clues that might explain [the] sentence." *United States v. Carter*, 564 F.3d 325, 329-30 (4th Cir. 2009). However, this failure to explain did not have a prejudicial effect on the 120-month below-Guidelines sentence the district court imposed, and, accordingly, did not affect Abney's substantial rights. *See United States v. Knight*, 606 F.3d 171, 177-78 (4th Cir. 2010); *United States v. Lynn*, 592 F.3d 572, 577-78, 576, 580 (4th Cir. 2010).

Turning to the substantive reasonableness of Abney's sentence, "[a]ny sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the

5

18 U.S.C. § 3553(a) factors." *Id.* Nothing in the record rebuts this presumption here; therefore, Abney's below-Guidelines sentence is substantively reasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal that fall within the scope of this appeal. We therefore deny the Government's motion to dismiss and affirm the amended judgment. This court requires that counsel inform Abney, in writing, of the right to petition the Supreme Court of the United States for further review. If Abney requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Abney. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*